IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY DIER | * | |
| o/b/o DOROTHY DIER | | |
| Petitioner, | * | |
| | | |
| v. | * | CIVIL ACTION NO.  CCB-07-1390 |
| | | |
| PHYLLIS MADACHY, DIRECTOR | * | |
|   OFFICE OF AGING, HOWARD COUNTY, | | |
|   MARYLAND | * | |
| JUDGE DENNIS SWEENEY | | |
| Respondents. | * | |
| | *** | |

**MEMORANDUM**

The court is in receipt of a 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Jerry Dier, as "next friend" of his mother Dorothy Dier.[1]  Paper No. 1.  The petition reveals that pursuant to a guardian proceeding in the Circuit Court for Howard County, Maryland, Dorothy Dier was placed under the care and supervision of the Office of Aging for Howard County by court order of Judge Dennis Sweeney.   The action asks this court to issue an order setting aside the appointment of guardian entered by the state court due to the state court's alleged failure to provide Dorothy Dier the protections found under the "Fourth, Sixth, and Fourteenth Amendments."  *Id*.   The petition claims that: (1) appointed counsel at the guardian proceedings failed to consult with Dorothy Dier, provided misleading representation, and provided ineffective representation; (2) Judge Sweeney permitted and in fact sanctioned counsel's "inappropriate and unethical" conduct and "abandoned the rule of law" regarding Dorothy Dier's rights to a jury trial and to be present at trial proceedings; and (3) justice was denied in the guardian proceedings.[2]   Paper No. 1.  The petition and $5.00

---

[1] The petition also cites to 42 U.S.C. § 1983.

[2] The petition provides several bases why Judge Sweeney's decision to remove Jerry Dier as counsel in the guardianship proceedings and to deny him guardianship over his mother was unjust.

habeas corpus fee has been accepted for filing. The matter shall, however, be dismissed.

According to the petition and attachments, in 2005, the Howard County Department of Social Services filed a petition for guardianship of Dorothy Dier. Over the course of the following five months, approximately six hearings were held. In October of 2005, Judge Sweeney found that Mr. Dier could not represent his mother because he was the subject of abuse allegations and his representation presented a conflict of interest.[3] Paper No. 1, Appendix No. 3 at 5. Mrs. Dier was appointed counsel, Anthony Doyle, and trial proceedings commenced in March of 2006. Judge Sweeney held that Dorothy Dier was in need of a guardian and appointed the Director of the Howard County Office on Aging as her guardian.[4] *Id.*, Appendix No. 2. The Court of Special Appeals of Maryland affirmed the decision of the Circuit Court by opinion dated April 18, 2007.[5] *Id.*, Appendix No. 3. Mr. Dier filed this petition on his mother's behalf on May 29, 2007.

An application for writ of habeas corpus may be made by a "next friend" only under certain circumstance.

> '[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly

---

[3] It appears that Mr. Dier nonetheless remained active during the course of the guardian proceedings and continued to file pleadings and raise arguments with the court.

[4] The Director is to file an annual status report indicating: the present place of residence of Mrs. Dier, her health and mental status, the guardian's plan of care for Mrs. Dier, whether there is a need for continuation of the guardianship, any reason to change the guardian's powers, or if the guardianship should be terminated. A contract attorney for the Maryland Department of Human Resources was authorized to represent Mrs. Dier before the Adult Public Guardianship Review Board. Paper No. 1 at Appendix No. 1.

[5] The history of the state court case as explained by the Court of Special Appeals is set out in an attachment. Paper No. 1 at Appendix No. 3.

>dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted).

Dorothy Dier's[6] lack of competency is not an issue. Jerry Dier's status as an "interested person" in relation to his mother is also not at issue. By state court order, however, the Howard County Office of Aging, not Jerry Dier, was appointed guardian of Dorothy Dier. Therefore, Jerry Dier is without standing to bring this action on behalf of his mother.

Moreover, although Jerry Dier has labeled his action as a petition for writ of habeas corpus, § 2254 does not confer jurisdiction under the circumstances of this case. Mrs. Dier is residing at a private health and rehabilitation center.[7] She is not "in custody," as required by the habeas statute. *See* 28 U.S.C. § 2254; *Maleng v. Cook*, 490 U.S. 488, 490 (1989), *see also Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 511 (1982) (family custody matters do not involve the type of custody that traditionally has been challenged through federal habeas corpus).

Finally, the court finds that it lacks subject-matter jurisdiction over this case. While Jerry Dier makes reference to a federal civil rights statute, for all intents and purposes the petition seeks review over the state court guardianship decisions issued against his interests. Put another way, upon the conclusion of the state court proceedings, Mr. Dier seeks review in this court of the orders and judgments of the state circuit and appellate courts with regard to his mother's guardianship, based on his contentions that those orders and/or judgments were improper. The *Rooker-Feldman*

---

[6] According to the petition and attachments, Mrs. Dier suffers from senile dementia caused by Alzheimer's disease and was 89 years old at the time the guardianship decision was entered.

[7] The attachments indicate that Mrs. Dier is residing at the Summit Park Health and Rehabilitation Center in Catonsville, Maryland. Paper No. 1 at Appendix No. 4.

doctrine bars this court from conducting such a review. [8] *See* 28 U.S.C. § 1257.  Mr. Dier may not seek review of the state court decisions under the guise of a civil rights action.

For the aforementioned reasons, this case shall be dismissed.  A separate Order follows.


Date:     June 14, 2007                                             /s/
                                                    Catherine C. Blake
                                                    United States District Judge

---

[8]     The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine"), that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions.  *See* 28 U.S.C. § 1257(a).